# EXHIBIT 4

MHS Acquisition Holdings, LLC
c/o Harvest Partners, LP
280 Park Avenue, 26th Floor
New York, NY 10017

January 7, 2025

Mr. John D. Sanacore
4100 W Zelar St.
Tampa, FL
dennis.sanacore@gmail.com

Dear Dennis:

Reference is made to that certain Limited Liability Company Agreement of MHS Acquisition Holdings, LLC (the "Company"), dated as of March 10, 2017 (as amended, modified, restated, amended and restated or supplemented from time to time, the "LLC Agreement"), and certain Annex As (collectively, the "Annex As") applicable to John D. Sanacore (aka Dennis Sanacore) (the "Management Member"). Capitalized terms used and not otherwise defined herein shall have the meanings set forth in the LLC Agreement.

Pursuant to the Annex As, Management Member was awarded the following Incentive Profits Interests Units:

(1) on March 10, 2017 (a) 3.672 Common Units (Incentive Profits Interests—Time Based), of which 3.672 are vested as of the date hereof, (b) 3.672 Common Units (Incentive Profits Interest—Performance Based A), none of which are vested as of the date hereof, and (c) and 3.672 Common Units (Incentive Profits Interest—Performance Based B), none of which are vested as of the date hereof; and

(2) on August 28, 2017 (a) 0.005 Common Units (Incentive Profits Interests—Time Based) (the Priority Time Based Units A pursuant to the Addendum to Annex A, dated August 7, 2017, of which 0.005 are vested as of the date hereof, and (b) 0.474 Common Units (Incentive Profits Interests—Time Based) (the Priority Time Based Units B pursuant to the Addendum to Annex A, dated August 7, 2017, of which 0.474 are vested as of the date hereof; and

(3) on February 16, 2021 (a) 2.840 Common Units (Incentive Profits Interests—Time Based), of which 1.704 are vested as of the date hereof, (b) 2.840 Common Units (Incentive Profits Interest—Performance Based A), none of which are vested as of the date hereof, and (c) and 2.840 Common Units (Incentive Profits Interest—Performance Based B), none of which are vested as of the date hereof.

Management Member does not hold any other Profits Interests Units of the Company.

Pursuant to the Annex A, (a) all of Management Member's unvested Common Units (Incentive Profits Interests—Time Based), Common Units (Incentive Profits Interest—Performance Based

A) and Common Units (Incentive Profits Interest—Performance Based B) become forfeited for no consideration in the event that Management Member is no longer employed by the Company or any of its Affiliates for any reason or no reason (provided that the Common Units (Incentive Profits Interest—Performance Based A) and Common Units (Incentive Profits Interest—Performance Based B) remain eligible for vesting solely if there is a "Sale of the Business" meeting certain investment return thresholds within six (6) months following the date of Management Member's separation from the Company, as set forth in the Annex A).

Management Member separated employment from the Company and its affiliates (the "Separation") on December 1, 2024. Management Member and the Company acknowledge and agree that all of Management Member's unvested Common Units (Incentive Profits Interests—Time Based), Common Units (Incentive Profits Interest—Performance Based A) and Common Units (Incentive Profits Interest—Performance Based B) were forfeited immediately and automatically for no consideration upon the Separation of the Management Member (provided that the Common Units (Incentive Profits Interest—Performance Based A) and Common Units (Incentive Profits Interest—Performance Based B) remain eligible for vesting solely if there is a "Sale of the Business" meeting certain investment return thresholds within six (6) months following the date of Management Member's separation from the Company, as set forth in the Annex A).

This letter, together with the Annex As and LLC Agreement, contains the entire understanding of the Company and Management Member with respect to the subject matter contained herein and supersedes all prior agreements and understandings, oral and written, with respect thereto. This letter shall be governed by the laws of the State of Delaware and the parties irrevocably waive all right to a trial by jury in any action relating hereto. If any provision of this letter is held to be unenforceable for any reason, it will be adjusted rather than voided, if possible, to achieve the intent of the parties, and all other provisions of this letter will be deemed valid and enforceable to the extent possible. This letter may be signed in any number of separate counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one agreement.

Sincerely,

MHS ACQUISITION HOLDINGS, LLC

By: _____
Name: Kirk E. Yosick
Title: General Counsel & Chief Administrative Officer

Acknowledged and agreed:

_____
John D. Sanacore (aka Dennis Sanacore)