UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MINER, LTD.,

    Plaintiff,

v.                                                                    Case No. 8:25-cv-1538-KKM-TGW

JOHN DENNIS SANACORE,

    Defendant.
_____

## ORDER

John Dennis Sanacore moves to dismiss Miner, Ltd.'s claim for breach of fiduciary duty because the Florida Uniform Trade Secrets Act preempts it. Mot. to Dismiss (MTD) (Doc. 26). Because Sanacore is right that Florida law bars Miner's claim, his motion is granted.

### I.  BACKGROUND

Miner sells, installs, and services loading docks, commercial doors, and other equipment used in warehousing and materials management. Compl. (Doc. 1) ¶ 1. Until 2024, Sanacore worked in sales for Miner. *Id.* ¶¶ 2, 5, 7–11. Sanacore left his role at Miner in December 2024 and joined Hörmann North America, Inc., a supplier in the same industry. *Id.* ¶¶ 41, 43, 44–46. Miner alleges that, on his way

out, Sanacore misappropriated Miner's trade secrets and disclosed them to Hörmann. *Id.* ¶¶ 48–58.

Miner sued Sanacore for trade-secret misappropriation under the Defend Trade Secrets Act, *id.* ¶¶ 60–67 (Count I), for breach of contract (Counts II & III), *id.* ¶¶ 68–85, and for breach of fiduciary duty, *id.* ¶¶ 86–91 (Count IV). Sanacore moves to dismiss Count IV because the Florida Uniform Trade Secrets Act (FUTSA) preempts it, among other reasons. *See* MTD.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, courts accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. 544. A court "may dismiss a complaint on a rule 12(b)(6) motion 'when [the plaintiff's] own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint.'" *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) (quoting *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984)).

## III. ANALYSIS

Sanacore argues that the FUTSA preempts Miner's breach-of-fiduciary-duty claim. I agree.

The FUTSA "displace[s] conflicting tort, restitutory, and other [Florida laws] providing civil remedies for misappropriation of a trade secret." § 688.008(1), Fla. Stat. "[A]s a general rule, 'other torts involving the same underlying factual allegations as a claim for trade secret misappropriation will be preempted by FUTSA.'" *Taubenfeld v. Lasko*, 324 So. 3d 529, 542 (Fla. 4th DCA 2021) (quoting *New Lenox Indus., Inc. v. Fenton*, 510 F. Supp. 2d 893, 908 (M.D. Fla. 2007)); see *All Pro Sports Camp, Inc. v. Walt Disney Co.*, 727 So. 2d 363, 367 (Fla. 5th DCA 1999). Because the FUTSA does not displace "[o]ther civil remedies that are not based upon misappropriation of a trade secret," § 688.008(2)(b), Fla. Stat., the question becomes "whether allegations of trade secret misappropriation alone comprise the underlying wrong." *Carlwood Safety, Inc. v. Wesco Distrib., Inc.*, 446 F. Supp. 3d 970, 977 (M.D. Fla. 2020) (quoting *Allegiance Healthcare Corp. v. Coleman*, 232 F. Supp. 2d 1329, 1335–36 (S.D. Fla. 2002)).

Trade-secret misappropriation is the sole basis for Miner's breach-of-fiduciary-duty claim, so the FUTSA preempts it. After alleging that Sanacore had a fiduciary duty to Miner, the complaint says in full:

> Sanacore intentionally took actions against Miner's interest with the intent to harm and damage Miner, including, but not limited to, misappropriating Miner's trade secrets and confidential information for the benefit of himself and his new employer while continuing to have ownership interest in MHS, and to the detriment of Miner.

Compl. ¶ 90. The sole basis for Miner's breach-of-fiduciary-duty claim is thus that Sanacore misappropriated Miner's trade secrets. While Miner says that Sanacore's breach was "not limited to" trade-secret misappropriation, nowhere in Count IV does Miner specify any other breach. *See id.* ¶¶ 86–91. And though Count IV speaks of both "trade secrets" and "confidential information," *see id.*, the rest of the complaint treats these categories as essentially synonymous, *see, e.g., id.* ¶ 61 ("Miner's confidential and proprietary information includes trade secrets."); *id.* ¶ 63 ("Sanacore has disclosed and used Miner's confidential and proprietary information constituting its trade secrets."). It thus appears that trade-secret misappropriation is the sole basis for Miner's breach-of-fiduciary-duty claim, so the FUTSA displaces it.

The cases Miner cites all deal with breach-of-fiduciary-duty claims based on more than just trade-secret misappropriation. Resp. (Doc. 30) at 2–4. In *Paragon*

*Insurance Holdings, LLC v. Phillips*, for example, the plaintiff alleged that "Defendant breached his fiduciary duty of loyalty by using Plaintiff's trade secrets to solicit and steal customers, contacts, and opportunities from Plaintiff and as part of a scheme to unfairly compete with Plaintiff." No. 2:25-CV-54-SPC-KCD, 2025 WL 1370178, at *2 (M.D. Fla. May 12, 2025). And in *Audiology Distribution, LLC v. Simmons*, trade-secret misappropriation was "a subsidiary allegation in support of" Audiology's breach-of-fiduciary-duty claim based on "the sale of hearing aids and related services to Audiology's customers by Simmons while she was still working for Audiology." No. 8:12-CV-02427-JDW, 2014 WL 7672536, at *10 (M.D. Fla. May 27, 2014); *see also Measured Wealth Priv. Client Group, LLC v. Foster*, No. 20-cv-80148, 2020 WL 3963716, at *6 (S.D. Fla. July 13, 2020) (similar).

In those cases, trade-secret misappropriation was but one part of the defendant's alleged breach, which usually ended in stealing the plaintiff's clients. Here, though, Miner never alleges any basis for its breach-of-fiduciary-duty count other than the misappropriation of its trade secrets. While it now says that "the crux of Count IV is [Sanacore]'s scheme to unfairly compete with Miner for the benefit of himself and his new employer, a direct competitor of Miner," Resp. at 2, no such allegation appears in Count IV, *see* Compl. ¶¶ 86–91, and a party may not amend

6

its pleading in a brief. If Miner wishes to bring a breach-of-fiduciary-duty claim based on a broader scheme to steal its customers, it must seek leave to amend its complaint. As written, the FUTSA preempts Count IV.[1]

## IV. CONCLUSION

Accordingly, the following is **ORDERED**:

1. John Dennis Sanacore's Motion to Dismiss (Doc. 26) is **GRANTED.**

2. Count IV of the Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

**ORDERED** in Tampa, Florida, on August 20, 2025.

Kathryn Kimball Mizelle
United States District Judge

---

[1] Because I conclude that the FUTSA preempts Miner's claim, I do not reach Sanacore's arguments about the independent-tort doctrine or Miner's damages allegations. *See* MTD at 4–6.